UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MELISSA MATTSON,

    Plaintiff,

v.

VMV GROUP, LLC, *a Washington limited liability company*; ROMAN CHERNICHENKO

    Defendants.

Case No. 3:23-cv-00034-AR

**OPINION AND ORDER**

**ARMISTEAD, Magistrate Judge**

    Plaintiff Melissa Mattson sues defendants VMV Group, LLC, and Roman Chernichenko for unlawful trade practices after Mattson bought a home alleged to have deficiencies caused by VMV's and Chernichenko's remodeling efforts. Before the court is Mattson's motion for leave to file an amended complaint. The court GRANTS Mattson's motion.[1]

---

[1] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. §

## BACKGROUND

On March 18, 2021, Roman Chernichenko, VMV Group, LLC, and VMV member Valentine Perederyev bought a home located at 8722 SE 40th Ave, Milwaukie, Oregon 97222 for $280,000. (Compl. ¶¶ 4-5, ECF No. 1; Decl. of Valentine Perederyev ¶¶ 2-3, ECF No. 20.) Following the purchase, VMV and Chernichenko remodeled the home's cosmetics. (Compl. ¶ 6.) About six months later, Melissa Mattson and her spouse bought the home for $790,000.[2] (Compl. ¶¶ 8-9.) The parties dispute whether VMV or Chernichenko represented to Mattson that the Home had undergone a "complete remodel" before the transaction. (Compl. ¶ 7; Answer ¶ 7, ECF No. 16.) Mattson alleges that the remodel was poorly done and lists a litany of household deficiencies attributable to shoddy workmanship or neglect. (Compl. ¶ 11.)

On January 4, 2023, Mattson filed this action alleging one claim under Oregon's Unlawful Trade Practices Act (UTPA), ORS § 646.608(1), against Chernichenko and VMV. She seeks the disgorgement of $510,000 in profits. (Compl. ¶¶ 12-23, ECF No. 1.) Mattson filed a first amended complaint on March 13, 2023. (ECF No. 15.) On April 13, 2023, Mattson learned that Perederyev oversaw the remodel. (Mot. to Amend at 3, ECF No. 18.) Four days later, on April 17, Mattson moved for leave to amend her complaint to add Perederyev as a defendant, add a negligence claim, and add allegations establishing subject matter jurisdiction. (*Id.* at 1.) Defendants filed a response in opposition on April 25, 2023, to which Mattson replied on the same day. (ECF No. 19, 25.)

---

636(c)(1). (Full Consent, ECF No. 14.)

[2]    Mattson claims she bought the Home on September 18, 2021. (Compl. ¶ 8.) Defendants claim they sold the Home to Erica Ellingsen on October 19, 2021. (Decl. of Roman Chernichenko ¶ 2, ECF No. 21; Decl. of Valentine Perederyev ¶ 2.)

Page 2 – OPINION AND ORDER

## LEGAL STANDARD

After the initial pleading stage, a plaintiff may amend his "pleading only with the opposing party's written consent or the courts leave." FED. R. CIV. P. 15(a). Rule 15(a) states that the court should "freely give leave" to amend the complaint "when justice so requires." *Id.* Whether to grant or deny leave to amend is within the court's discretion. *Pisciotta v. Teledyne Indus.*, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). That discretion is guided, however, by the "underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (citation omitted). Thus, the policy favoring amendment should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

Five factors weigh on the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) undue prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has amended. *Nunes*, 375 F.3d at 808 (citation omitted). Ultimately, the factors articulated by the Ninth Circuit stem from *Forman v. Davis*, 371 U.S. 178, 182 (1962). Undue prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry and carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052 (citation omitted). Without undue prejudice or a strong showing on any of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* That said, "futility of amendment alone can justify the denial of a motion [to amend]." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

## DISCUSSION

Mattson seeks to amend her complaint to add Perederyev as a defendant because he allegedly negligently performed or supervised the remodel. (Mot. to Amend at 3.) Because Mattson learned this information recently and she promptly moved to amend, Mattson asserts that her request to amend is in good faith, would not cause undue delay, and is necessary despite having already amended her complaint. (*Id.* at 2-3.) Mattson also claims that the proposed amendment would not be unduly prejudicial to defendants because a trial date has not been set and the case is in its early stages. (*Id.* at 3.) Lastly, Mattson argues that her amendments are not futile since the proposed amended pleading constitutes a valid claim. (*Id.*)

Defendants argue that the motion should be denied as futile because Perederyev is immune from personal liability as a limited liability company (LLC) member and because a negligence claim is not supported by the facts. (Defs.' Resp. in Opp'n at 2-3, ECF No. 19.) Mattson responds that defendants use the incorrect standard for futility in making their argument. (Pl's Reply at 1-2, ECF No. 25.) Defendants do not contend that any other factors weigh against amending the complaint, therefore, the court focuses its inquiry on futility.

**A.   *Futility***

An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)). The standard to be applied for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6). *See Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) ("A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'") (quotation omitted), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th

Cir. 2012); *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018). To survive a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1.   *Adding Perederyev as a defendant*

Defendants contend that adding Perederyev as a defendant would be futile because he is shielded from personal liability as an LLC member. Defendant correctly cites ORS § 63.165(1) and ORS § 63.170 for the notion that LLC members enjoy a shield from liability. (Defs.' Resp. in Opp'n at 2.) Shielding a member of an LLC from liability, however, is not as categorical as defendants argue. *See, e.g.*, *Amfac Foods v. Int'l Sys.*, 292 Or. 94, 104 (1982). Oregon's veil-piercing doctrine is one way that LLC members can face personal liability. *Id.* "Piercing the corporate veil is a court-made doctrine whereby the corporate form is disregarded to avoid injustice, and it can apply in the case of limited liability companies as well as corporations." *Rowden v. Hogan Woods, LLC*, 306 Or. App. 658, 679 (2020) (citing *Amfac Foods v. Int'l Sys.*, 292 Or. 94, 104 (1982)). A plaintiff seeking to pierce the corporate veil must prove that a defendant: (1) had control of the LLC, (2) used that control to engage in improper conduct, and (3) the plaintiff was harmed because of the improper conduct. *Amfac*, 294 Or. at 108-09 (simplified).

The proposed second amended complaint names Perederyev as an individual and alleges that he participated in the home's remodeling. The existence of Oregon's veil-piercing doctrine defeats defendants' argument that Perederyev enjoys a categorical shield from personal liability through his membership in the LLC, but Mattson need not plead facts to negate anticipated

Page 5 – OPINION AND ORDER

affirmative defenses. *See, e.g.*, *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 435 n.9 (2017). Considering the proposed amendment and the arguments of the parties, the court cannot say at this stage of the proceedings that Mattson is unable to prove any set of facts that would entitle her to hold Perederyev liable on her claims. Accordingly, the court grants Mattson's motion to amend the complaint to add him as a defendant.

### 2. *Including a negligence claim*

Defendants argue that a negligence claim would be futile based on their declarations that they did not perform any repair work on the home. (Defs.' Resp. in Opp'n. at 3.) Rather, they claim the work was done by third-party contractors. (*Id.*) Because none of defendants participated in or oversaw the work, they argue that the facts do not support a negligence claim against them. (*Id.*)

In deciding whether to permit an amended complaint, the court must accept all allegations in the complaint as true. *Eminence Cap.*, 316 F.3d at 1049. Defendants' arguments rely on assertions of fact for which it is too early to decide at this stage of litigation, or in brief opposition to a request to amend. (*See generally* Defs.' Resp. in Opp'n. at 3.) At this stage of the proceedings, the question is not whether a negligence claim will succeed, but whether Mattson has plausibly alleged a negligence claim sufficient to survive a motion to dismiss. *See Nordyke*, 644 F.3d at 788 n.12.

Applying that standard here, Mattson alleges that defendants were responsible for all aspects of the home's remodel; they had a duty to provide materials and supervision in a non-negligent manner; they knew or should have known that performing their duties negligently; there was a foreseeable risk that the home's purchaser would suffer harm; and that she suffered

harm. (Prop. SAC ¶¶ 29-31.)  When those allegations are accepted as true, Mattson plausibly states a claim for negligence. (Mot. to Amend, Ex. 1 at 7-8.) Therefore, the inclusion of Mattson's proposed negligence claim would not be futile.

## CONCLUSION

For the above reasons, the motion (ECF No. 18) is GRANTED.

DATED: August 2, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge