UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MELISSA MATTSON,                                    Case No. 3:23-cv-00034-AR

                    Plaintiff,              **OPINION AND ORDER**

        v.

VMV GROUP, LLC, *a Washington limited
liability company*; ROMAN
CHERNICHENKO, and VALENTINE
PEREDERYEV,

                    Defendants.

_____

**ARMISTEAD, Magistrate Judge**

        Plaintiff Melissa Mattson sues defendants VMV Group, LLC, Roman Chernichenko, and

Valentine Perederyev for unlawful trade practices and negligence after Mattson bought a home

that is alleged to have deficiencies caused by VMV's, Chernichenko's, and Perederyez's

remodeling efforts. Before the court is Mattson's motion for leave to file a third amended

complaint (TAC). The court GRANTS IN PART and DENIES IN PART Mattson's motion.[1]

## BACKGROUND

On March 18, 2021, defendants Chernichenko and VMV bought a home located at 8722

SE 40th Ave, Milwaukie, Oregon 97222 for $280,000 (the home). After purchasing the home,

defendants remodeled the home's cosmetics. About six months later, Mattson and her spouse

purchased the home for $790,000. Defendants represented that the home had undergone a

"complete remodel" before the transaction. Mattson alleges that the remodel was defectively

performed and identifies numerous deficiencies attributable to shoddy workmanship, inadequate

supervision, noncompliance with building codes, or neglect. (Second Am. Compl. (SAC) ¶¶ 5-

10, 14, ECF No. 29.)

On January 6, 2023, Mattson filed this action against Chernichenko and VMV alleging

one claim under Oregon's Unlawful Trade Practices Act (UTPA), ORS § 646.608(1), seeking the

disgorgement of $510,000 in profits. (Compl. ¶ 12., ECF No. 1.) Mattson filed an amended

complaint on March 15, 2023. (First Am. Compl, ECF No. 15.) On April 13, 2023, Mattson

learned that Perederyev oversaw the remodel. Four days later, on April 17, Mattson moved for

leave to amend her complaint to add Perederyev as a defendant, add a negligence claim, and add

allegations establishing subject matter jurisdiction. (Mot. to Amend at 1-3, ECF No. 18.) On

August 2, 2023, the court granted Mattson's motion to amend, and Mattson promptly filed her

Second Amended Complaint. (Order, ECF No. 28.)

---

[1]    The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C.
§ 636(c)(1). (Full Consent, ECF No. 14.)

On September 14, 2023, Mattson filed another motion for leave to amend her complaint, this time seeking to add two alternative theories of holding Perederyev and Chernichenko liable for the construction defects in the property. In claim three, Mattson asserts that Perederyev exercised complete control over VMV, used his control for an improper purpose, and that VMV's corporate veil should be pierced to hold Perederyev personally liable. In claim four, Mattson alleges that Chernichenko operated a partnership or joint venture with Perederyev and/or VMV and that they should be held jointly and severally liable. (Mot. for Leave to file proposed Third Am. Compl. (TAC) ¶¶ 34-37, 39-42, ECF No. 38-1.) Defendants oppose amendment, asserting futility based on issue preclusion principles and that the veil-piercing allegations are inadequate, and that amending at this stage is prejudicial.[2]

## LEGAL STANDARD[3]

After the initial pleading stage, a plaintiff may amend his "pleading only with the opposing party's written consent or the courts leave." FED. R. CIV. P. 15(a). Rule 15(a) states that the court should "freely give leave" to amend the complaint "when justice so requires." *Id.* Whether to grant or deny leave to amend is within the court's discretion. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). That discretion is guided, however, by the

---

[2]     The court concludes that oral argument would not be helpful to resolution of the issues. LOCAL RULE 7-1(d).

[3]     The court did not set a specific deadline for amending pleadings. Even in the absence of a deadline, courts may apply Rule 16's more stringent "good cause" standard if amending the pleadings will require modification of other deadlines. *See de Jaray v. Lattice Semiconductor Corp.*, Case No. 3:10-cv-86-SI, 2023 WL 3495767, at *3-4 (D. Or. May 17, 2023) (discussing whether Rule 15 or Rule 16 should govern when the court did not set a deadline for amending pleadings or adding parties). Neither party contends that the court should apply Rule 16 here. It is not apparent that additional deadlines will need to be altered if Mattson's motion is granted. Accordingly, the court applies Rule 15(a).

"underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (citation omitted). Thus, the policy favoring amendment should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

Five factors weigh on the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) undue prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has amended previously. *Nunes*, 375 F.3d at 808 (citation omitted); *Thomsen v. NaphCare, Inc.*, Case No. 3:19-cv-00969-AC, 2021 WL 6775438, at *2 (D. Or. Nov. 5, 2021) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)), *adopted* 2022 WL 309315 (Feb. 2, 2022). Ultimately, the factors articulated by the Ninth Circuit stem from *Foman v. Davis*, 371 U.S. 178, 182 (1962). Undue prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry and carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 967 (D. Or. 2018) (citation omitted). Additionally. futility can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## DISCUSSION

Mattson moves to amend her complaint to include claims for veil piercing and partnership liability. Mattson argues that these alternative theories of liability are premised on the same fundamental facts as alleged previously: that she purchased a home marketed by defendants as a "complete remodel" and in excellent condition, when the home in fact contained numerous defects cause by defendants. In Mattson's view, she learned facts supporting the veil

piercing and partner liability theories during defendants' depositions on September 7, 2023, and

that she promptly moved to amend. Mattson argues her request to amend is made in good faith,

would not cause undue delay, is necessary to conform the pleadings to the facts, and is not

unduly prejudicial to defendants because trial is set for May 2024. Lastly, Mattson argues that

amendment is not futile because she is asserting valid, alternative theories of liability. (*Id.*)

Defendants oppose amendment on three grounds: (1) amendment is futile because the

proposed partnership liability claims are barred by issue preclusion principles; (2) the allegations

of veil-piercing are conclusory, inadequate, and thus futile; and (3) allowing amendment is

prejudicial. Defendants argue that in August 2023, defendants arbitrated the same UTPA and

negligence claims against Mattson's spouse, Erica Ellingsen. There, arbitrator Lawrence P.

Blunck determined that Chernichenko served only as a lender on the project. Because the

arbitrator found that Chernichenko was a lender and did not perform the work or supervise it, in

defendants' view, issue preclusion prevents different findings in this action and Mattson's

proposed claim four is therefore futile. Defendants also contend that Mattson's proposed veil-

piercing allegations in claim three are vague and conclusory and amendment should be denied.

Lastly, defendants insist that the proposed amended complaint raises new allegations against

Express Restoration/Express Flooring which will require additional discovery, and therefore

amendment should be denied as prejudicial. (Defs.' Resp. at 2-3, ECF No. 40.)

**A.**    ***Futility – Preclusion***

Defendants argue that proposed claim four, which asserts that Chernichenko may be

jointly and severally liable because there was a partnership or joint venture, is barred by issue

preclusion and amendment is therefore futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122,

1134 (9th Cir. 2018) (providing amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense") (citation omitted). Mattson counters that amendment is not futile because none of the issue preclusion elements are satisfied by the arbitration ruling and thus her motion should be granted.

To determine the preclusive effect of a state-court order, federal courts apply state law. *Marrese v. Am. Acad. of Ortho. Surgeons*, 470 U.S. 373, 380 (1985) ("The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute[.]") (citing 28 U.S.C. § 1728). In Oregon, "[i]ssue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104 (1993). The court examines five factors to determine if relitigation of an issue is precluded:

1. The issue in the two proceedings is identical.

2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding [and].

5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Id.* (citations omitted). Defendants bear the burden of proof on factors one, two, and four, and Mattson bears the burden on factors three and five. *Barackman v. Anderson*, 214 Or. App. 660, 667 (2007).

Page 6 – OPINION AND ORDER

Defendants point to the arbitration award dated August 23, 2023, to establish that issue preclusion bars claim four. Defendants argue that, like proposed claim four, the arbitration arose out of the purchase and sale of the home, involved the same UTPA and negligence claims, and they contend that Chernichenko's role was actually litigated and essential to the outcome:

> Chernichenko's only participation in the remodeling and sale of the home was to provide funds for the purchase of the home. He did not hire any contractors, perform any of the remodeling work, and did not hire or supervise any contractors who worked on the home. VMV found the home, decided what remodeling to perform, hired the contractors to do the remodeling, and handled the sale of the home to [Ellingsen].

(Decl. Valentine Perederyev Ex. B, ECF No. 40-2.) Defendants argue that based on these factual findings, it has been established that Chernichenko was a lender, not a partner or joint venturer. Defendants further argue that Mattson had a full and fair opportunity to be heard on the issue of Chernichenko's involvement, is clearly in privity with her spouse, and that arbitration proceedings are accorded preclusive effect. *Barackman*, 214 Or. App. at 668. According to defendants, all issue preclusion elements have been satisfied and amending the complaint to include claim four should be denied as futile. (Defs.' Resp. at 2.)

Mattson responds that issue preclusion does not render claim four futile. Mattson contends that Chernichenko's liability as a partner with VMV and Perederyev was not fully addressed during the arbitration, and that the issues in the two proceedings are not identical and were not essential to the arbitration decision. Mattson argues that she was not involved in the arbitration proceedings and consequently, she did not have full and fair opportunity to be heard on the issue of Chernichenko's liability. Mattson further argues that defendants have not established that she is a "party in privity" with Ellingsen. Finally, Mattson contends that the arbitrator substantially limited the scope of discovery in that proceeding to three areas – the

Page 7 – OPINION AND ORDER

metal "L" flashing, the hot water heater, and the windows – and that there was no discovery concerning the connection between Chernichenko, VMV, and Perederyev, and consequently, no preclusive effect should be given to the arbitration and claim four is not futile.

The parties' briefing on the *Nelson* factors is undeveloped. It is unclear from the limited materials submitted that the issue of Chernichenko's relationship with VMV and Perederyev was explored in the arbitration, and therefore, defendants have not carried their burden on factors one and two here. Because factors one and two have not been satisfied, the court concludes that issue preclusion does render claim four futile.[4]

## B.   *Futility – Sufficiency of Allegations*

Defendants argue that proposed claim three should be denied because Mattson has not alleged "exceptional circumstances" that could warrant veil-piercing. Defendants argue that Mattson's allegations that Perederyev acted with an "improper purpose" or undertook "improper conduct" are entirely conclusory and vague, and that amendment must be denied. Mattson contends that the sufficiency of her allegations in the proposed amendment is not determinative under Rule 15. Under that rule, Mattson argues, the court evaluates different criteria – bad faith, undue delay, and futility – and that whether exceptional circumstances exist in this case should be resolved at summary judgment. Mattson oversimplifies the Rule 15 analysis.

---

[4]      Defendants signal that they intend to move for summary judgment on preclusion grounds. The court agrees that whether any of Mattson's claims are barred by issue or claim preclusion is best reserved for summary judgment and defendants are granted leave to reassert preclusion grounds should they choose to file a dispositive motion. As noted, the parties' arguments are not fully developed, and the factual record presented with the instant motion to amend is quite limited. The materials presented reveal that the arbitrator was aware of Mattson's pending federal litigation while Ellingsen was simultaneously pursuing arbitration, albeit on a more limited set of specific claims. (Decl. Kelly McCann Ex. 1, ECF No. 43-1.)

Under Rule 15, the court's futility analysis includes lack of merit. *See DCD Programs, 833 F.2d at 186* (providing that motions to amend are liberally granted where "from the underlying facts or circumstances, the plaintiff may be able to state a claim"). Futility alone justifies denial, but "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Barahona*, 881 F.3d at 1134 (quoting *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *Bonin,* 59 F.3d at 845. That is, futility is evaluated under the same standard used for a Rule 12(b)(6) motion to dismiss. *Premier Automation Contractors, Inc. v. Everest Nat'l Ins. Co.*, Case No. 3:19-cv-00220-AC, 2019 WL 7144114, *2 (D. Or. Dec. 3, 2019), *adopted by* 2019 WL 7134414 (Dec. 23, 2019). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff is required to show that there is a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As defendants argue, in Oregon, piercing the corporate veil "is an extraordinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair the plaintiff's injury." *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1228 (9th Cir. 2005) (quoting *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 103 (1982)). Oregon courts require three elements to pierce the corporate veil and impose individual liability: (1) the corporate officer had control of the company; (2) he engaged in improper conduct while exercising that control; and (3) a causal connection between the corporate officer's misconduct and the plaintiff's injury. *Id.* "'Improper conduct' can include gross undercapitalization, milking

or draining of corporate funds, misrepresentation, commingling of funds, holding out, and the

failure to observe corporate formalities." *Id.*

  Mattson's allegations of veil-piercing in proposed claim are as follows::

34.

  Defendant Perederyev exercised control over VMV Group, LLC.

35.

  Defendant Perederyev utilized his control over VMV Group, LLC for an
improper purpose.

36.

  Defendant Perederyev caused harm to Ms. Mattson due to his improper
conduct.

(McCann Decl. Ex. 1 ¶¶ 34-36.)

  Those allegations lack any factual detail asserting how Perederyev exercised control over

VMV group, what improper conduct he undertook, and how that alleged misconduct caused her

injury. In her briefing, Mattson asserts that Perederyev's improper purpose was misrepresenting

the home as completely remodeled when the home was not. Mattson's misrepresentation

allegations in the proposed TAC, however, do not contain any facts asserting how the home was

marketed or how Perederyev controlled that marketing. Although Mattson alleges that she

learned facts giving rise to the veil-piercing claim during defendants' depositions, Mattson's

proposed claim contains none of the factual detail that purportedly prompted her instant motion

to amend. Therefore, Mattson's allegations are simply "unadorned, the-defendant-unlawfully-

harmed-me accusation[s]" that amount to "a recitation of elements" and are completely devoid of

"further factual enhancement." *Iqbal*, 556 U.S. at 678. Mattson's motion to amend to add claim

three is denied because she fails to state a plausible veil-piercing claim, and therefore, amendment is futile.

Mattson's proposed claim four seeking to include a partnership liability claim fares better, however. In claim four, Mattson alleges that Chernichenko, Perederyev, and/or VMV associated with each other to operate a joint venture to "flip" the home, that Chernichenko and VMV co-owned the home during the remodeling process, that Chernichenko, Perederyev, and/or VMV performed the remodel to generate a profit, and that because they are joint venturers, they are jointly and severally liable. (Proposed TAC ¶¶ 39-42, Decl. McCann Ex. 1.)  *See* ORS § 67.055 (providing that "the association of two or more persons to carry on as co-owners a business for profit creates a partnership, whether or not the persons intend to create a partnership"). Mattson sufficiently alleges, on the barest of facts, that Chernichenko created a partnership with Perederyev and/or VMV for the purpose of flipping the home to make a profit. Thus, Mattson's motion for leave to add the partnership liability claim is granted.

## C.    *Prejudice*

Risk of undue prejudice is the most important factor when considering amending pleadings under Rule 15. *Eminence Capital*, 316 F.3d at 1052. Defendants argue that they will suffer undue prejudice if Mattson is permitted to file the proposed TAC because paragraph 12 includes allegations against Express Restoration/Express Flooring (Express) for the first time. Defendants remonstrate that new allegations involving Express will require them to re-depose Mattson about her new allegations concerning Express. Defendants argue that this new discovery may require moving the discovery deadline and other deadlines currently set.

The court is unpersuaded that defendants have established undue prejudice, for three reasons. First, the need for additional discovery alone does not establish undue prejudice. *See Story v. Midland Funding LLC*, Case No. 3:15-cv-00194-AC, 2016 WL 5868077, at *4 (D. Or. 2016). The court has navigated several discovery disputes between the parties, including one involving insurance policies for Express in early August 2023. (Minutes of Proceedings, ECF No. 34 (ordering defendants to produce commercial general liability policies for Vixon Cabinetry and Express Flooring). Based on Mattson's discovery requests encompassing Express, defendants have been aware of allegations concerning Express for months, and thus adding facts about Express could not have surprised defendants. Second, Mattson is not seeking to add Express as a party; rather, Mattson seeks to add facts concerning Perederyev's supervision of Express. Third, the additional facts about Express and Perederyev's alleged faulty supervision relate to the same core facts and theories that have been alleged from this case's inception: that Mattson purchased a home marketed as a complete remodel only later to discover numerous defects. Based on these circumstances, defendants have not demonstrated they will be unduly prejudiced by permitting Mattson to amend the complaint to include the allegations concerning Express.

In summary, Mattson is granted leave to file the third amended complaint and include the allegations in paragraph 12 and the partnership liability allegations set forth in the proposed fourth claim for relief. Mattson's motion to add the veil-piercing allegations in the proposed third claim for relief is denied.

\ \ \ \ \

\ \ \ \ \

Page 12 – OPINION AND ORDER

**CONCLUSION**

For the above reasons, the motion (ECF No. 38) is GRANTED IN PART and DENIED

IN PART.

DATED: November 9, 2023.

JEFF ARMISTEAD
United States Magistrate Judge